# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

## ELISHA W. SHERMAN, Appellant, v. THE TRUSTEES OF THE VILLAGE OF CLIFTON SPRINGS, Respondents.

*Incorporation of villages — raising extraordinary taxes — 1870, chap. 291, title 4, secs. 4, 5 — the validity of the tax cannot be disputed if the warrant and assessment-roll are regular on their faces — remedies of taxpayers.*

APPEAL from a judgment, entered upon a nonsuit granted by the County Court of Ontario county.

This action was brought in a Justice's Court to recover the value of a wagon alleged to have been wrongfully taken by the defendants and converted to their own use. The wagon was, in fact, taken by the defendants' collector of taxes, by virtue of a warrant issued by the village trustees, for the purpose of collecting the amount of plaintiff's tax, levied in the year 1876. The plaintiff alleges that such tax was illegal and void. The plaintiff recovered judgment before the justice for the value of the wagon. An appeal was taken to the County Court, where a new trial was had, resulting in a nonsuit, and from the judgment entered thereon an appeal was taken to this court.

It was claimed on the part of the appellant that the trustees, in assessing that which is described as the extraordinary tax, acted without authority, and that their assessment was illegal and void.

Section 4, title 4 of chapter 291 of the Laws of 1870, provides that "the trustees shall have power to raise money for an extraordinary expenditure for any purpose, by assessment and tax, by submitting a resolution stating the amount to be raised, and the specific object for which, to the annual election, or to a special election of the legal electors entitled to vote on such questions, to be held as in this act directed."

Section 5 provides: "When extraordinary expenditures shall be necessary, in the judgment of the trustees, they shall have power to pass a resolution or resolutions to be entered in the records of their proceedings specifying the object and the amount required. No resolution shall express more than one object, and the amount required for the same."

The resolution adopted by the trustees and submitted to the electors was as follows:

"*Resolved*, That the sum of $900 be raised by tax as an extraordinary expense. Said sum to be used for "the purpose of refunding the several amounts claimed to be illegal paid by a portion of the taxable inhabitants of the corporation on tax warrant dated May 21, 1875."

At the election by the people this resolution was adopted, and the trustees proceeded to assess the tax.

The court at General Term said: "It is contended that the resolution should have specified the name or names of each individual and the amount of illegal tax he had paid and for which it was proposed to refund. This does not appear to be required. The statute which we have quoted provides that the object shall be specified for which the extraordinary tax is levied, and that the resolution shall not express more than one object. But one object is expressed in this resolution; that is, the refunding of tax illegally paid by a portion of the taxable inhabitants. The amount, $900, was expressed. We are of the opinion that the resolution substantially complies with the requirements of the statute.

The appellant further claims that the corporation was not bound to refund the tax of 1875. * * * · "We do not, however, consider it necessary to discuss this question further or to decide it, for from the view that we take of the case it must be disposed of upon other grounds.

"By section 13 of title 3 of the act referred to the trustees are made assessors, and the powers of assessors of towns are conferred upon them. As such they are *quasi* judicial officers, and the assessment-roll, when finally completed by them as trustees, stands as a judgment, and so long as the same remains in force no action will lie to recover back a tax, even though the payment was enforced by levy and sale of property. (*The Buffalo and State Line R. R. Co.*

v. *The Board of Supervisors of Erie County*, 48 N. Y., 93–99; *The Bank of the Commonwealth* v. *The Mayor, etc., of the City of New York*, 43 id., 184; *Swift* v. *The City of Poughkeepsie*, 37 id., 511.)

"True, this action is not in terms brought to recover back the tax, it is brought to recover damages for the levy and sale of the plaintiff's property to pay the tax. But this makes no difference.

"If it appears upon the record that a judgment is void, then it is not binding upon the parties, and will not be enforced by the courts, but where the judgment is regular, no defects appearing upon the record, it is binding and will be enforced, and cannot be impeached in a collateral action or proceeding. So with the assessment roll and warrant. If it appears upon their face that the tax was illegal and void, then the roll and warrant are no protection to an officer in enforcing collection. If, on the other hand, no defects appear, then they are a protection, and cannot be adjudged null and void in a collateral action.

"It may be inquired in this connection, what remedy has the taxpayer to shield himself from the payment of taxes assessed for an illegal or unauthorized purpose? We answer: 1st. That if he moves seasonably, he has the right to review the action of the assessors by *certiorari*. (37 N. Y., 511–516.) 2d. He has the right to bring an action in equity under section 1925 of the Code of Civil Procedure, and to have the roll adjudged illegal and void. In such an action the court had full power to inquire, *dehors* the record, as to the validity of the claim or claims for which the tax is assessed. In this case the action was commenced before a justice of the peace, before whom a recovery was had. The justice assumed the power to go back and inquire, *dehors* the record, as to the legality of claims adjudged to be valid by the board of trustees of the village, and ratified by the electors on a submission of the question to them. This power does not exist in Justices' Courts. Such jurisdiction the statute has reserved for courts of equity."

*Charles H. Paddock*, for the appellant.

*Edwin Hicks*, for the respondents.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Judgment of the County Court affirmed.